(101 So. 155)

### WISE v. STATE. (8 Div. 227.)

(Court of Appeals of Alabama. June 30, 1924.)

Intoxicating liquors ☞134—Liquid found in defendant's possession held made in imitation of beer, "prohibited liquors, or beverages."

Liquid in bottles found in defendant's possession containing label "Budweiser" and "We guarantee that this beverage is * * * fully matured and aged," also "Budweiser, manufactured by original Budweiser process from choicest cereals and hops, matured and dealcoholized to conform to federal act of October 28, 1919, Anheuser-Busch, Inc., St. Louis, Mo.," and which looked like and foamed like beer, was made in imitation of beer, and was embraced in the definition of "prohibited liquors or beverages" contained in Act of January 25, 1919, § 1 (Acts 1919, p. 6).

Appeal from Circuit Court, Madison County; James E. Horton, Jr., Judge.

Robert Wise was convicted of violating the prohibition law, and appeals. Affirmed.

R. E. Smith, of Huntsville, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The affidavit charged that the appellant (defendant in the court below) had in his possession "prohibited liquors or beverages, viz.: Certain liquid drinks or beverages made in imitation of, or as substitute for, beer, ale, or other alcoholic, spirituous, vinous, or malt liquors in violation of the prohibition laws of said state."

One witness, Tally Willis, was examined on behalf of the state. The witness testified that he was a deputy United States marshal and was present when the four bottles of liquid introduced in evidence were located and taken out of defendant's car, in Madison county, about August 12, 1923; that he was present in the courtroom and heard defendant, while testifying in another case, admit that this liquid was his and that he had it in his possession at the time it was taken from his car. On cross-examination, the witness testified that he did not know whether the liquid contained any alcohol or not. The defendant said at the time it was found it was

his. The four bottles containing the liquid were offered in evidence. Some of said bottles were opened in the presence of the court and jury, and when opened foam came out of them like beer foam. The defendant introduced no evidence.

Section 1 of an act of the Legislature of Alabama, approved January 25, 1919 (Acts 1919, p. 6), provides that the term "prohibited liquors and beverages" shall include and embrace "all liquors, liquids, drinks, or beverages made in imitation of, or intended as a substitute for, beer, etc." Section 20 of said act makes the violation of the quoted portion of section 1, supra, a misdemeanor, and fixes as punishment a fine of not less than $50 or more than $500, and at the discretion of the court, in addition to the fine, a sentence to jail or hard labor for the county for not more than six months may be imposed. The defendant in the instant case was convicted and fined $50.

The court gave at the request of the state the following charge, in writing:

"If you believe the evidence in this case beyond a reasonable doubt, you must find the defendant guilty."

There was no conflict in the evidence. The bottle in evidence certified to the Court of Appeals contains a label "Budweiser." On the label are found the following words: We guarantee that this beverage is healthful, refreshing, nutritious, free from bacteria, fully matured and aged." Also the following: "Budweiser, manufactured by the original Budweiser process from the choicest cereals and hops, matured and dealcoholized to conform to federal act of October 28, 1919, Anheuser-Busch, Inc., St. Louis, Mo." It looks like beer. The liquid in evidence was made in imitation of beer, and was embraced in the definition of "prohibited liquors or beverages" contained in section 1 of the act of 1919, supra.

The court did not err in giving the affirmative charge for the state. The record discloses no error, and the judgment of the circuit court is affirmed.

Affirmed.